IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

   v.

DEPUTY CHIEF CRAIG STROUSE,
JANESVILLE PLAN COMMISSION BOARD,
and JANE/JOHN DOE DEFENDANTS,

                Defendants.

OPINION and ORDER

23-cv-35-jdp

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that Janesville or Rock County government officials approved a $96 million expansion to the Rock County Jail without input from the public and that his rent has been raised because of increases in county property taxes to pay for the expansion. Stewart seeks leave to proceed in forma pauperis, and the court previously concluded that he may proceed without prepayment of any portion of the filing fee for this case.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the case for Stewart's failure to state a claim that can be heard in this court. Generally, a plaintiff suing in federal court must show either that he is raising a federal claim, 28 U.S.C. § 1331, known as federal-question jurisdiction, or that he and the defendants

are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332, known as diversity jurisdiction.

Stewart does not allege facts that support a federal-law claim. Stewart states that the county approved the jail expansion without input from the public. He contends that this violated various discrimination laws or Amendments to the United States Constitution, but he does not state a claim for relief under any of these theories.

Stewart focuses on the Ninth Amendment, which states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." But courts have concluded that the Ninth Amendment "is a rule of interpretation rather than a source of rights," so that Amendment cannot support a substantive claim for relief. *Froehlich v. State, Dep't of Corrections*, 196 F.3d 800, 801 (7th Cir. 1999).

Perhaps the theory that most closely fits Stewart's allegation that county officials failed to allow public input on the expansion is a claim under the Fourteenth Amendment's Due Process Clause. But I am aware of no authority holding that the Due Process Clause mandates public hearings for legislative decisions. Even if I infer that Stewart is saying that county officials violated their own procedures or state law by avoiding a public hearing, the county's violation of state law does not itself violate the Due Process Clause. *See Coniston Corp. v. Vill. of Hoffman Ests.*, 844 F.2d 461, 467 (7th Cir. 1988).

Nor can the court consider such a state-law claim under its diversity jurisdiction. Stewart and at least some of the defendants are citizens of Wisconsin. And there is no indication that Stewart's injuries exceed $75,000—his main complaint is that his rent has increased by $50 a month. If Stewart wishes to pursue state-law claims, he will have to do so in state court.

2

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Stewart's claims is appropriate because I see no allegations suggesting that he could amend his complaint to state a claim for relief in federal court. Therefore, I will dismiss the case.

ORDER

IT IS ORDERED that:

1.  This case is DISMISSED.

2.  The clerk of court is directed to enter judgment for defendants and close the case.

Entered January 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge